UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X   Case No. 08-cv-1459
                                                                    (KAM)(RLM)
LIZ NERO,

                         Plaintiff,

                                          **REQUEST TO ENTER DEFAULT**

-against-

LAW OFFICE OF SAM STREETER, PLLC.,

                        Defendant.
---------------------------------------------------------------X

TO:   ROBERT C. HEINEMANN, CLERK
        UNITED STATES DISTRICT COURT
        EASTERN DISTRICT OF NEW YORK

        Please enter default of defendant, LAW OFFICE OF SAM STREETER, PLLC., pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for failure to plead or otherwise defend the above-captioned action as fully appears from the court file herein and from the attached affidavit of NOVLETTE R. KIDD, ESQ. of FAGENSON & PUGLISI, attorneys for Plaintiff herein.

Dated: New York, New York
       October 1, 2008.

                                          By: _____
                                                NOVLETTE R. KIDD, ESQ.
                                                FAGENSON & PUGLISI
                                                Attorneys for Plaintiff
                                                450 Seventh Avenue, Suite 3302
                                                New York, New York 10123
                                                Tel.:(212)268-2128
                                                Fax:(212)268-2127

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X   Case No.  08-cv-1459
                                                                  (KAM)(RLM)
LIZ NERO,

                              Plaintiff,

                                                                            **NOTATION OF DEFAULT**

          -against-

LAW OFFICE OF SAM STREETER, PLLC.,

                              Defendant.
--------------------------------------------------------------X

       I, ROBERT C. HEINEMANN, Clerk of court of the United States District Court for the Eastern District of New York, do hereby certify that the Affidavit of Service in the above-entitled action indicates that defendant, LAW OFFICE OF SAM STREETER, PLLC., was served with the summons and complaint on April 23, 2008 at 4:05 p.m. at said law office at 3030 S. Gessner, Suite 200, Houston, Texas 77063.

       I further certify that a review of the court file and docket entries indicates that defendant has has not filed an answer or otherwise moved with respect to the Complaint herein.

       The default of defendant, LAW OFFICE OF SAM STREETER, PLLC, is hereby noted pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Dated: Brooklyn, New York
           _____2008.

                                                                 ROBERT C. HEINEMANN
                                                                  CLERK OF COURT

                                                                   By:_____
                                                                       Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   Case No.  08-cv-1459
LIZ NERO,                                                                                   (KAM)(RLM)

                              Plaintiff,

                                                    **DEFAULT JUDGMENT**

       -against-

LAW OFFICE OF SAM STREETER, PLLC.,

                             Defendant.
----------------------------------------------------------------X

The summons and complaint in this action having been duly served on the above-named defendant on April 23, 2008, and said defendant having failed to plead or otherwise defend in this action, and said default having been duly noted, and upon the annexed declaration of default judgment.

**NOW**, on motion of FAGENSON & PUGLISI, the attorney for the plaintiff, it is hereby

**ORDERED AND ADJUDGED** that LIZ NERO, the plaintiff, does recover of the LAW OFFICE OF SAM STREETER, PLLC., with a principal place of business at 3030 S. Gessner, Suite 200, Houston, Texas 77063, or formerly of said address, the sum of $1,000, the amount claimed, with $415 costs and disbursements, and attorneys fees in the sum of $2,530, totaling in all to the sum of $3,945, plus interest at the legal rate in effect on the date of this judgment; and, that the plaintiff have execution therefor.

Dated: Brooklyn, New York
                        _____ 2008.

                                                   By: _____
                                                     **HON. KIYO A. MATSUMOTO, U.S.D.J.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X   Case No.  08-cv-1459
LIZ NERO, (KAM)(RLM)

                              Plaintiff,

                                                     **AFFIRMATION IN SUPPORT**
                                                     **OF DEFAULT JUDGMENT**

           -against-

LAW OFFICE OF SAM STREETER, PLLC.,

                              Defendant.
---------------------------------------------------------------X
STATE OF NEW YORK, COUNTY OF NEW YORK, s.s.:

      **NOVLETTE R. KIDD, ESQ.**, an attorney duly admitted to practice law in this District affirms the following under the penalties of perjury:

      1.     I am an associate in the law firm of Fagenson & Puglisi, the attorneys for the Plaintiff herein, Liz Nero. I am the attorney in actual charge of the conduct of this case on behalf of the Plaintiff, and as such I am familiar with all the facts and circumstances of this case.

      2.     This action was commenced pursuant to 15 U.S.C. § 1692 *et seq*, the Fair Debt Collections Practices Act, which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. The first cause of action in the complaint alleges that defendant is a debt collector which sent a letter to plaintiff on or about February 28, 2008. A copy of the letter is attached to the complaint. The letter contains a validation notice that violates the 15 U.S.C. §§ 1692g(a)(4), 1692(g)(b) and 1692e(10), in that the letter's validation notice does not state that the consumer's notification of a dispute of the debt or any portion thereof must be in writing. The FDCPA § 1692g(a)(4) requires that the debt collector inform the consumer that the dispute must be in writing in order to obtain verification of the debt or a copy of a judgment. If the dispute is not in

writing, the debt collector need not respond and there will not be a cessation of collection efforts as required by § 1692g(b). The defendant's failure to thus provide a proper validation notice is also a false representation or a deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10).

3. The second cause of action in the complaint alleges that the defendant is not licensed as a debt collector by the New York City Department of Consumer Affairs and therefore should not have sent a debt collection letter into New York City at plaintiff's address in Brooklyn. The lack of licensing is a violation of 15 U.S.C. § 1692e(10).

4. The time within which the defendant may answer or otherwise move with respect to the complaint herein has expired; said defendant has not answered or otherwise moved with respect to the complaint and the time for the defendant to do so has not been extended. By its default, defendant has admitted the allegations in the complaint.

5. Said defendant is not an infant or incompetent. Defendant is a corporation and is therefore not in the military service.

6. This action was brought as a class action. However, plaintiff is withdrawing her class allegations and is not seeking to certify a class. Said defendant is indebted to the plaintiff in the sum of $3,945 as follows:

a) 15 U.S.C. 1692k(a)(2)(A) authorizes the Court to award damages to the plaintiff for a violation of the Act, not to exceed $1,000, in the case of an action by an individual. Plaintiff therefore requests that the Court award the maximum statutory damages for defendant's two violations of the Act, in the amount of $1,000.

b) 15 U.S.C. 1692k(a)(3) authorizes the Court to award to the plaintiff the costs of the action plus a reasonable attorney's fee. Plaintiff's costs amount to $415. These comprise $350 court

filing fee and $65 process service fee. Plaintiff's attorney's fees amount to $2,530. The breakdown of these attorney's fees is attached hereto. The undersigned anticipates that further costs and fees may be incurred as a result of the enforcement of the default judgment herein requested and respectfully requests that plaintiff be given leave to make a further application to the Court for future costs and fees.

**WHEREFORE**, plaintiff requests judgment on each cause of action.

**WHEREFORE**, plaintiff requests that default of defendant be noted and that judgment be entered in favor of plaintiff and against defendant in the manner stated herein.

I declare that the foregoing is true and accurate to the best of my knowledge, information and belief; that the amount claimed is justly due and owing to plaintiff; that no part thereof has been paid; and, that the disbursements sought to be taxed have been made in this action; or will necessarily be made or included in this action.

Dated: New York, New York
October 1, 2008.

Respectfully Submitted:

NOVLETTE R. KIDD, ESQ.
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 3302
New York, New York 10123
Tel.:(212)268-2128
Fax:(212)268-2127

TO:   Law Office of Sam Streeter, PLLC
      3030 S. Gessner, Suite 200
      Houston, Texas 77063

## BREAKDOWN OF LEGAL BILLING

### Liz Nero v. Law Office of Sam Streeter, PLLC., 08.cv-1459

| Attorney | Date | Work Performed | Time |
| --- | --- | --- | --- |
| Kidd | 3/17/08 | Reviewed letter/ Telephoned client | .2 |
| Kidd | 3/18/08 | Legal Research | 1.0 |
| Kidd | 3/18/08 | Prepared and reviewed summons and complaint civil cover sheet | 2.9 |
| Kidd | 4/9/08 | Filed summons and complaint | .3 |
| Kidd | 4/16/08 | Prepared documents for service | .4 |
| Kidd | 5/7/08 | Reviewed service papers from sheriff | .2 |
| Kidd | 6/10/08 | Prepared and filed affidavit of service | .5 |
| Kidd | 8/7/08 | Telephone call to attorney | .1 |
| Kidd | 8/7/08 | Telephone call to defendant, Sam Streeter, Esq. | .1 |
| Kidd | 8/7/08 | Prepared and sent requested papers to Sam Streeter, Esq. by e-mail | .3 |
| Kidd | 8/21/08 | Telephone call to Sam Streeter, Esq. | .1 |
| Kidd | 8/21/08 | Memorandum to File | .1 |
| Kidd | 9/10/08 | Telephone call to Sam Streeter, Esq. | .1 |
| Kidd | 9/25/08 | Reviewed Court's ECF Order | .1 |
| Kidd | 9/26/08 | Telephone call to Court | .1 |
| Kidd | 9/30/08 | Started preparing default judgment papers | 1.2 |
| Kidd | 10/1/08 | Completed preparing default judgment papers and Letter response to Court's order to show cause | 1.5 |
|  |  |  | 9.2 hours |

I respectfully submit that $275 is a reasonable hourly rate. I was admitted to the New York State Bar in September 2001 and to the Bar of this District in December 2005. I have experience in

bringing actions on behalf of consumers for violations of the Fair Debt Collection Practices Act. This hourly rate of $275 is reasonable for an attorney with my experience practicing in New York City and is consistent with lodestar.

$2,530 - attorney's fee 9.2 hours @ $275 per hour
$1,000 - plaintiff's damages
$350   - court filing fee
$65    - process service fee - Sheriff's department
**3,945**